IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELISA BROOKS-CUNNINGHAM<br>982 Anchor Street<br>Philadelphia, PA 19124-1036<br><br>and<br><br>COURTNEY DOUGLASS<br>228 King St., Apt. 3<br>Pottstown, PA  19464,<br><br>*on behalf of themselves and all others similarly situated,*<br><br>　　　　　　　　　　　Plaintiffs<br><br>　　vs.<br><br>ER SOLUTIONS, INC.<br>800 S.W. 39th Street<br>P.O. Box 9004<br>Renton, WA 98057<br>　　　　　　　　　　　Defendant | CIVIL ACTION<br><br><br><br>NO. 12-1524(JHS)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CLASS ACTION |

## AMENDED COMPLAINT

### I.     INTRODUCTION

1.     This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The FDCPA prohibits debt collectors from engaging in unfair and unconscionable practices in the collection of consumer debt.

2.     Defendant sent to Plaintiffs and the putative class collection notices in window envelopes. Through the window, there is a readable symbol that discloses, among other things: the identity of the debt collector, the consumers' account numbers, and even the alleged balances

owed, in violation of an express statutory prohibition against disclosure of this private information.

3. Defendant has violated the FDCPA by using unfair and unconscionable collection practices in the collection of consumer debt.

## II. JURISDICTION

4. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper as Defendant regularly does business in this district and has caused harm in this district.

## III. PARTIES

6. Plaintiff Elisa Brooks-Cunningham ("Brooks-Cunningham") is a consumer who resides in Philadelphia, Pennsylvania at the address captioned.

7. Plaintiff Courtney Douglass ("Douglass") is a consumer who resides in Pottstown, Pennsylvania at the address captioned.

8. Defendant ER Solutions, Inc. ("ERS") is a Washington debt collection firm, with an office for the regular transaction of business at the address captioned.

9. Defendant ERS regularly engages in the collection of consumer debts in the Eastern District of Pennsylvania through use of the mails and telephone.

10. Defendant regularly attempts to collect consumer debts alleged to be due another.

11. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV. STATEMENT OF CLAIM

12. On or about May 16, 2011, ERS sent a collection letter to Plaintiff Douglass. The letter was an effort to collect on a consumer debt, *i.e.*, a bill claimed due to T-Mobile USA for cell phone service.

13. On or about September 22, 2011, ERS sent a collection letter to Plaintiff Brooks-Cunningham. The letter was addressed to "Elisa Brooks." The letter was an effort to collect on a consumer debt, *i.e.*, a bill claimed due to Verizon for cell phone service.

14. The letters were sent to Plaintiffs in window envelopes.

15. Through the window of the envelopes, there is visible a symbol commonly known as a QR Code which, when read with any popular device, reveals:

   a. The identity of the debt collector, ERS;

   b. The consumer's account number;

   c. The consumer's name and address;

   d. The amount of the alleged debt claimed due.

16. The Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692f(8) prohibits a debt collector such as ERS from:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

17. The collection notice sent by Defendant ERS to Plaintiffs and the class contain just such a symbol visible on the envelope which reveals private information, in violation of the Act.

## V. CLASS ALLEGATIONS

18. Plaintiffs bring this action on their own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiffs propose to define the class (the "Class") as follows:

   a. All persons with addresses within the Eastern District of Pennsylvania;

   b. who were sent one or more collection letter(s) from Defendant ER Solutions, Inc.;

   c. attempting to collect a consumer debt;

   d. which use a symbol on or visible through the window of the envelope that when read reveals the identity of the debt collector or the addressee's account number, or the dollar amount of the debt claimed due;

   e. where the letter(s) bears a send date between March 26, 2011 and the date of filing this Amended Complaint.

20. The Class is believed to be so numerous that joinder of all members is impractical. This Amended Complaint concerns mass-produced form collection letters.

21. There are questions of law or fact common to the Class. These include:

   a. Whether Defendant's letter violates the Fair Debt Collection Practices Act by using unfair and unconscionable collection practices in connection with the collection of a debt in violation of § 1692f;

   b. Whether Defendant used any language or symbol on envelopes sent to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8);

c.  Whether and what amount of statutory damages are recoverable by plaintiffs and the class for defendant's violation.

22. Plaintiffs' claims are typical of the claims of the Class. All are based on the same factual and legal theories, and there are no individualized issues.

23. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests antagonistic to those of the class and Plaintiffs' counsel is competent and experienced in consumer credit cases and class actions.

24. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

25. The Class may be certified under Fed. R. Civ. P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

a.  Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. § 1692k.

b.  The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

c.  This class action covering consumers within the geographic boundaries of the Eastern District of Pennsylvania is likely to be easily manageable.

d.  The case may require expert testimony, the substantial cost of which may be spread among the class members.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeat the allegations set forth above as if the same were set forth at length herein.

27. Defendant violated the FDCPA by sending a collection notice(s) to Plaintiffs and the members of the class which violates the provisions of the FDCPA by:

    a. using unfair and unconscionable collection practices in connection with the collection of a debt, in violation of 15 U.S.C. § 1692f; and

    b. using any language or symbol on envelopes mailed to consumers that revealed information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

**WHEREFORE,** Plaintiffs Elisa Brooks-Cunningham and Courtney Douglass pray that this Court certify the Class against Defendant ER Solutions, Inc., and enter judgment for Plaintiffs and the Class members:

    a. Awarding damages to Plaintiffs and to the Class as provided in 15 U.S.C. § 1692k(a);

    b. Awarding Plaintiffs and the Class their costs and reasonable attorney's fees; and

    c. Granting such other relief as may be deemed just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted:

DATE: 4/27/12

_____
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiffs and the Class

**FLITTER LORENZ, PC**
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782