IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY DOUGLASS<br>*on behalf of herself and all others similarly*<br>*situated,*<br>                  Plaintiff<br><br>    vs.<br><br>CONVERGENT OUTSOURCING, f/k/a/<br>ER SOLUTIONS, INC.<br>                Defendant | NO.  12-1524(JHS)<br><br><br><br><br><br>CLASS ACTION |

## SECOND AMENDED COMPLAINT

## I.  INTRODUCTION

1.      This is a consumer class action for damages brought pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").  The FDCPA prohibits debt collectors

from engaging in unfair and unconscionable practices in the collection of consumer debt.

2.      Defendant sent to Plaintiff and the putative class collection notices in window

envelopes.   Through the window, the consumer's account number is displayed, and there is a

readable symbol that discloses, among other things: the consumer's account number, and even

the alleged balance owed.  This violates an express statutory prohibition against disclosure of

this private information.

3.      Defendant has violated the FDCPA by using unfair and unconscionable collection

practices in the collection of consumer debt.  15 U.S.C. § 1692f(8).

## II.  JURISDICTION

4.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331

and 1337.

5.    *In personam* jurisdiction exists and venue is proper as Defendant regularly does business in this district and has caused harm in this district.

### III.   PARTIES

6.    Plaintiff Courtney Douglass ("Douglass") is a consumer who resides in Pottstown, Pennsylvania at the address captioned.

7.    Defendant Convergent Outsourcing is the successor to and was formerly known as ER Solutions, Inc. ("ERS"). ERS is a Washington debt collection firm, with an office for the regular transaction of business at the address captioned.

8.    Defendant ERS regularly engages in the collection of consumer debts in the Eastern District of Pennsylvania through use of the mails and telephone.

9.    Defendant regularly attempts to collect consumer debts alleged to be due another.

10.   Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   STATEMENT OF CLAIM

11.   On or about May 16, 2011, ERS sent a collection letter to Plaintiff Douglass. The letter was an effort to collect on a consumer debt, *i.e.*, a bill claimed due to T-Mobile USA for cell phone service.

12.   The May 16, 2011 letter was sent to Plaintiff in a window envelope.

13.   Through the window of the envelope, there is visible a digitized symbol commonly known as a "QR Code" which, when read with any popular device, reveals:

    a.   The consumer's account number;

    b.   The consumer's name and address;

    c.   The amount of the debt claimed due.

14.     Through the window of the envelope, there is visible the account number assigned to the consumer recipient.

15.     The Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692f(8) prohibits a debt collector such as ERS from:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

16.     The collection notice sent by Defendant ERS to Plaintiff and the class contains just such a symbol and language visible on the envelope in violation of the Act.

## V.     CLASS ALLEGATIONS

17.     Plaintiff brings this action on her own behalf and on behalf of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

18.     Plaintiff proposes to define the class as follows:

> a.  All persons with addresses within Montgomery County, Pennsylvania;
>
> b.  who were sent one or more letter(s) from Defendant ER Solutions, Inc.;
>
> c.  attempting to collect a consumer debt allegedly owed to T-Mobile;
>
> d.  which bore a symbol known as a QR Code visible through the window of the envelope that when read reveals the addressee's account number, and figures that equal amount of the debt claimed due;
>
> e.  where the letter(s) bears a send date between March 26, 2011 and the date of filing this Second Amended Complaint.

19.     The Class is believed to be so numerous that joinder of all members is impractical.  This Second Amended Complaint concerns mass-produced form collection letters.

20.    There are questions of law or fact common to the Class.  These include:

a.    Whether Defendant's letter violates the Fair Debt Collection Practices Act by using unfair and unconscionable collection practices in connection with the collection of a debt in violation of § 1692f;

b.    Whether Defendant used any language or symbol on envelopes sent to consumers that reveal information other than the debt collector's address or name, in violation of 15 U.S.C. § 1692f(8);

c.    Whether and what amount of statutory damages are recoverable by plaintiff and the class for defendant's violation.

21.    Plaintiff's claims are typical of the claims of the Class.  Douglass received the collection letter for an alleged T-Mobile debt.  All claims are based on the same factual and legal theories, and there are no individualized issues.

22.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

23.    The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers.  Most are probably unaware that their rights, and the FDCPA, have been violated.

24.    The Class may be certified under Fed. R. Civ. P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

a.     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general.  15 U.S.C. § 1692k.

b.     The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

c.     This class action covering consumers within the geographic boundaries of Montgomery County Pennsylvania is likely to be easily manageable.

d.     The case may require expert testimony, the substantial cost of which may be spread among the class members.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

25.     Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

26.     Defendant violated the FDCPA by sending a collection notice(s) to Plaintiff and the members of the class which violates the provisions of the FDCPA by:

a.     using unfair and unconscionable collection practices in connection with the collection of a debt, in violation of 15 U.S.C. § 1692f; and

b.     using any language or symbol on envelopes mailed to consumers that revealed information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

**WHEREFORE,** Plaintiff Courtney Douglass prays that this Court certify a Class against Defendant ER Solutions, Inc., and enter judgment for Plaintiff and the Class members:

a.     Awarding damages to Plaintiff and to the Class as provided in 15 U.S.C. § 1692k(a);

5

       b.     Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

       c.     Granting such other relief as may be deemed just and proper.

## VI.   **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

DATE: _Nov 9, 2012_

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

**FLITTER LORENZ, PC**
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782