## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELISA BROOKS-CUNNINGHAM** | § | |
| **& COURTNEY DOUGLASS, on behalf** | § | |
| **of themselves and all others similarly** | § | |
| **situated,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.  2:12-cv-1524-JHS** |
| | § | |
| **v.** | § | |
| | § | |
| **ER SOLUTIONS, INC.,** | § | |
| | § | |
| **Defendant.** | § | **CLASS ACTION** |

## ANSWER TO SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Convergent Outsourcing, f/k/a ER Solutions, Inc., files this Answer to Second Amended Complaint and would show as follows:

1.      The allegations in Paragraph 1 of the Second Amended Complaint consist of nothing but legal conclusions to which no response is required.

2.      In response to Paragraph 2 of the Second Amended Complaint, Defendant states that it admits that a collection letter was sent to Plaintiff in a window envelope.  All other allegations in this Paragraph are denied.

3.      Defendant denies the allegations in Paragraph 3 of the Second Amended Complaint.

4.      In response to Paragraph 4 of the Second Amended Complaint, Defendant states that it does not contest jurisdiction at this time.

5.      In response to Paragraph 5 of the Second Amended Complaint, Defendant states that it contests neither personal jurisdiction nor venue.

6.      Defendant can neither admit nor deny the allegations in Paragraph 6 of the Second Amended Complaint for the reason that it is unaware of the purposes for which the indebtedness in question was incurred.

7.      Defendant admits the allegations in Paragraph 7 of the Second Amended Complaint.

8.      In response to Paragraph 8 of the Second Amended Complaint, Defendant states that it regularly collects debts in the Eastern District of Pennsylvania.  Defendant can neither admit nor deny the remaining allegations in Paragraph 8 for the reason that it is only rarely aware of the purposes for which any particular indebtedness was incurred.

9.      In response to Paragraph 9 of the Second Amended Complaint, Defendant states that it regularly collects debts alleged to be due another.  Defendant can neither admit nor deny the remaining allegations in Paragraph 8 for the reason that it is only rarely aware of the purposes for which any particular indebtedness was incurred.

10.     Defendant can neither admit nor deny the allegations in Paragraph 10 of the Second Amended Complaint for the reason that it is unaware of the purposes for which the indebtedness in question was incurred.

11.     Defendant can neither admit nor deny the allegations in Paragraph 11 of the Second Amended Complaint for the reason that it is unaware of the purposes for which the indebtedness in question was incurred.

12.     In response to Paragraph 12 of the Second Amended Complaint, Defendant states that it admits that a letter dated March 16, 2011, was sent to Plaintiff in a window envelope.

13.     Defendant admits the allegations in Paragraph 13(b) of the Second Amended Complaint.  All other allegations in this Paragraph are denied.

14.     Defendant denies the allegations in Paragraph 14 of the Second Amended Complaint.

15.     The allegations in Paragraph 15 of the Second Amended Complaint consist of nothing but legal conclusions to which no response is required.

16.     Defendant denies the allegations in Paragraph 16 of the Second Amended Complaint.

17.     The allegations in Paragraph 17 of the Second Amended Complaint consist of nothing but legal conclusions to which no response is required.

18.     The allegations in Paragraph 18 of the Second Amended Complaint consist of nothing but legal conclusions to which no response is required.

19.     In response to Paragraph 19 of the Second Amended Complaint, Defendant states that it admits that Plaintiff's allegations relate to mass-produced form collection letters.  All other allegations in this Paragraph are denied.

20.     Defendant denies the allegations in Paragraph 20 of the Second Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Second Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Second Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Second Amended Complaint.

25.      In response to Paragraph of the Second Amended Complaint, Defendant incorporates the same as if fully copied and set forth at length the response(s) to the referenced paragraphs.

26.      Defendant denies the allegations in Paragraph 26 of the Second Amended Complaint.

27.      Defendant denies that Plaintiff, either individually or on a representative basis, is entitled to any form of relief.

## AFFIRMATIVE DEFENSES

28.      Defendant denies that Plaintiff is entitled to or should recovery statutory damages in any amount.  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

29.      Defendant asserts that an award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America.  *See Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996)*; State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

30.      Defendant that the QR code in question is a "symbol" for the purposes of 15 U.S.C. 1692f(8).

31.      Defendant denies that Plaintiff will fairly and adequately protect the member of the putative class.

32.      Defendant asserts that individual issues will predominate over any issues which are found by the Court to be typical or common.

33.     The claims of Plaintiff and Defendant's defenses thereto are not typical of the putative class.

WHEREFORE, Defendant respectfully requests that Plaintiff take nothing by this suit and for such other and further relief, both at law and in equity, to which the Plaintiff may be justly and legally entitled.

Respectfully submitted,

BUSH AND RAMIREZ, LLC

//s// Ed Walton
Keith Wier: TBN:  21436100
Jim Thorpe: TBN: 19989100
Ed Walton: TBN: 20828550
5615 Kirby Dr., Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier

**ATTORNEYS FOR DEFENDANT,
ER SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cary L. Flitter
Lundy Flitter Beldecos & Berger, P.C.
450 North Narbeth Ave.
Narbeth, PA 19072-1898

//s// Ed Walton
Ed Walton