IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COURTNEY DOUGLASS, on behalf of herself and all others similarly situated,** § § § § | **CIVIL ACTION** |
| Plaintiffs, § | NO. 2:12-cv-1524-JHS |
| § | |
| v. § | |
| § | |
| **CONVERGENT OUTSOURCING, f/k/a ER SOLUTIONS, INC.,** § § § | |
| Defendant. § | **CLASS ACTION** |

### REPLY TO PLAINTIFF'S SUR-REPLY CONTRA SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Convergent Outsourcing fka ER Solutions, Inc., files this Reply to Plaintiff's Sur-Reply Contra Summary Judgment and in support thereof would show:

1. Plaintiff addresses several issues (more accurate, attempts to invent several issues) in her Sur-Reply. Each of these will be addressed in turn.

2. **Financial Account Numbers** – The number to which Plaintiff refers is not a "financial" account number but, to the contrary, is an internal account number utilized by Defendant to identify the account which is meaningless to any other person. Plaintiff herself has testified that; a) she did not know what the number represented until she had opened the envelope and read the letter inside, and b) this number was Defendant's internal account number.[1] Plaintiff argues that this meaningless number is "personally identifiable financial information," but fails to explain (in fact does not attempt to explain) how this randomly generated internal account number personally identified anything or anybody when Plaintiff herself could not determine what it was

---

[1] See Paragraph 12 of Defendant's Motion for Summary Judgment [Docket No. 36].

until she had opened and read the letter which was included in the envelope about which Plaintiff complains.

3. **Account Truncation** – No credit card or credit card number is involved in this suit. There is a vast gulf between a credit card number (which can be used to purchase virtually any goods or service available for sale anywhere in the world) and an internal account number which even Plaintiff could not recognize.

4. **Legal Restrictions on Mail Tampering** – Plaintiff asserts that Defendant's arguments about the illegality of accessing information on an envelope sent through the United States Postal Service are inappropriate because there may be people who violate the law and access the information in any event, using as an example those who would illegally carry weapons onto airplanes. Is Plaintiff actually arguing with a straight face that one who would carry a weapon onto an airplane or illegally access information for the purpose of identity theft could not, and would not, tear open the envelope to gain the information inside, none of which Plaintiff argues was improperly included?

5. **No Compelling Reason for the Disclosure of the Account Number** – Plaintiff cites no authority, for there is none, for the proposition that there should be a compelling reason for disclosing Defendant's internal account number. There is not a single case relating to the benign language exception in question which as much as implies, or even hints at, any requirement of a "compelling" reason (whatever that means, which Plaintiff does not attempt to explain).

6. **Judicial Exceptions to the Remedial FDCPA Must be Narrow** – Plaintiff begins this argument by referring to the FDCPA as a "strict liability" statute. Many provisions of the FDCPA are viewed as strict liability prohibitions or requirements, e.g. 15 U.S.C. § 1692e(11), the requirement of the "mini-Miranda" warning. However no Court has treated the provisions at issue

here, 15 U.S.C. § 1692f(8), as that of strict liability, but have instead established the benign language exception which Plaintiff desperately, and ineffectively, attempts to ignore.

7. Defendant concludes the argument in this regarding by stating that whether a disclosure is benign is a question of fact for the jury, oddly citing *Davis v. Baron's*, 2001 U.S. Dist. Lexis 19008 (N.D. Ill. 2001). The *Davis* Court did find that a fact issue existed but only as to the disclosure of the name on the envelope, "Creditor's Service" and whether or not such name indicated an attempt to collect a debt.[2] *See Davis* at *18. Contrary to Plaintiff's interpretation of this case, what the Court actually said was "the legislative purpose [of § 1692f(8)] was to prohibit a debt collector from using symbols or language on envelopes that would reveal that the contents pertain to debt collection – not to totally bar the use of harmless words or symbols on an envelope," *citing Lindbergh v. Transworld*, 846 F.Supp. 175, 180 (D. Conn. 1994). Judge Diamond, in the *Waldron*[3] decision, pointed out the fallacy of Plaintiff's argument in this regard by flatly stating: "[l]ike every other court to address this issue, the Davis Court thus ruled that whether the benign language exception applies is a question of law," citing the same cases upon which Defendant relied in their Motion for Summary Judgment.

WHEREFORE, Defendant respectfully requests that the Court grant their Motion for Summary Judgment, that the Court enter a take nothing judgment against Plaintiff, and for such other and further relief, both at law and in equity, to which Defendant may be justly and legally entitled.

---

[2] That is not an issue in this case as Plaintiff testified that what could be seen without opening the letter did not disclose the identity of a debt collector. See Paragraph 11 of Defendant's Motion for Summary Judgment.

[3] *Waldron v. Professional Medical Management*, 2013 WL 978933 (E.D. Pa. 2013).

       Respectfully submitted,

       **BUSH AND RAMIREZ, P.L.L.C.**

       *//s// Ed Walton*
       Keith Wier: TBN:  21436100
       Jim Thorpe: TBN: 19989100
       Ed Walton: TBN: 20828550
       5615 Kirby Dr., Suite 900
       Houston, Texas 77005
       (713) 626-1555 Telephone
       (713) 622-8077 Telecopier

       **ATTORNEYS FOR DEFENDANT,**
       **ER SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cary L. Flitter
Lundy Flitter Beldecos & Berger, P.C.
450 North Narbeth Ave.
Narbeth, PA 19072-1898

       *//s// Ed Walton*
       Ed Walton